IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS CHUKWU,<br><br>                Petitioner,<br><br>   v.<br><br>K. KAUFFMAN, et al.,<br><br>                Respondents. | CIVIL ACTION<br>NO. 18-236 |

**ORDER**

**AND NOW**, this 30th day of June 2020, upon consideration of Petitioner Louis Chukwu's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Doc. No. 23), Petitioner's First Motion to Reopen Habeas Proceedings (Doc. No. 27), Petitioner's Motion to Reopen the Judgment of the Court Pursuant to Rule 60(b) (Doc. No. 28), and the pertinent record in this case, it is **ORDERED** that:

1. The Report and Recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**.[1]

---

[1] On March 7, 2013, a jury in Pennsylvania state court found Petitioner guilty of aggravated indecent assault of a person under 13, indecent assault of a person under 13, unlawful contact with a minor, and corruption of a minor. (Doc. No. 23 at 3.) Petitioner did not appeal his conviction to the Pennsylvania Superior Court. (Id.) Instead, on February 10, 2014, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). (Id. at 4.) On May 4, 2015, the PCRA court held an evidentiary hearing, after which it denied the petition. (Id.) Petitioner appealed the decision of the PCRA court to the Pennsylvania Superior Court. (Id.) On January 9, 2017, the Superior Court affirmed the denial. (Id.) On January 12, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Id.)

The Court referred the Petition to United States Magistrate Judge David R. Strawbridge for a Report and Recommendation. On November 26, 2019, Judge Strawbridge issued the Report

and Recommendation and found that all claims in the Petition were procedurally defaulted for failure to exhaust remedies in state court. (Id. at 5-6.) The Magistrate Judge also found that Petitioner's claims were without merit and therefore no relief under Section 2254 was warranted. (Id.) Petitioner did not file any objections to the Report and Recommendation.

Instead, on March 16, 2020, Petitioner filed two motions: (1) Petitioner's First Motion to Reopen Habeas Proceedings (Doc. No. 27), and (2) Petitioner's Motion to Reopen the Judgment of the Court Pursuant to Rule 60(b). (Doc. No. 28.) Petitioner alleges the same claim in both Motions, a claim he never presented to the Pennsylvania state courts or to Magistrate Judge Strawbridge.

Petitioner alleges in his Motions that at his trial Detective Thomas Brown fabricated his testimony when he stated that he interviewed the victim, R.F., on September 4, 2011. (Doc. No. 27 at 1-2.) R.F and her father, according to Petitioner, testified at trial that the incident occurred during the night between September 4, and September 5, 2011 so Brown could not have interviewed R.F. on September 4, 2011. (No. 28 at 13-4, 19-20.) Based upon this dichotomy, Petitioner alleges that the prosecutor who tried his case was aware of the timeline conflict and concealed it, even though the testimony of Brown, the victim, and her father was elicited at trial. (No. 27 at 1-2.) For reasons discussed below, this claim of prosecutorial misconduct is without merit. In addition, the Court has reviewed the findings made by Magistrate Judge Strawbridge in the Report and Recommendation, and though they are not objected to, the findings are correct.

### (1) The Claim Raised in Petitioner's Two Motions is Procedurally Defaulted For Failure to Exhaust State Court Remedies.

In Petitioner's two Motions, he alleges prosecutorial misconduct occurred during his trial. As noted, he argues that Detective Brown fabricated his testimony regarding when he interviewed the victim, R.F., and that the prosecutor was aware of the timeline conflict and concealed it. (Id.)

This claim of prosecutorial misconduct was never presented to any court in Pennsylvania, and was never raised with Magistrate Judge Strawbridge. Under 28 U.S.C. § 2254(b)(1), habeas corpus relief is "ordinarily available only for a claim where Petitioner has exhausted the corrective processes available in the state courts." (Doc. No. 23 at 4.); See 28 U.S.C. § 2254(b)(1). "It is axiomatic that a federal habeas court may not grant a petition for writ of habeas corpus filed by a person incarcerated from a judgment of state court unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3rd Cir. 1997). Petitioner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Accordingly, since the claim of prosecutorial misconduct was never raised at all in state court, the exhaustion requirement has not been fulfilled.

2

There are two exceptions to the failure to exhaust that would allow Petitioner to bring his claim before this Court. The first exception is commonly referred to as "cause and prejudice." Coleman v. Thompson, 501 U.S. 722, 746 (1991). If Petitioner can provide a justifiable cause for not presenting the claim, and show that he was prejudiced, this would excuse his failure to exhaust. Id. The second exception is if he can make a showing of factual innocence. McCleskey v. Zant, 499 U.S. 467, 495 (1991) (citing Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).) In this case, however, Petitioner has not shown cause and prejudice to excuse his failure to exhaust all his state court remedies and has not presented evidence of factual innocence. And at no point in his state court case did Petitioner raise the issue of prosecutorial misconduct related to Detective Brown's testimony. Therefore, Petitioner's claim of prosecutorial misconduct is procedurally defaulted for failure to exhaust state court remedies.

**(2) Petitioner Has Waived His Prosecutorial Misconduct Claim Because He Has Failed to Follow Court Rules.**

Petitioner did not raise the claim of prosecutorial misconduct regarding Detective Brown in his Petition for Writ of Habeas Corpus. He raises this claim for the first time in his two Motions. And even if his claim of prosecutorial misconduct is construed as an objection to the Report and Recommendation, the claim has been waived.

Because Petitioner's claim asserted in his two motions is a new one, it cannot be raised before this Court under Eastern District of Pennsylvania's Local Rule 72.1(IV)(c), which provides:

> All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.

E.D. Pa. Civ. R. 72.1(IV)(c).

Because Petitioner's claim of prosecutorial misconduct regarding Detective Brown was not raised until after the filing of the Magistrate Judge's Report and Recommendation, and the interest of justice does not require that it be heard now, the claim is waived.

28 U.S.C. §636(b)(1) governs the process by which a district court judge makes a de novo determination of a Magistrate Judge's Report and Recommendation. It provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

In the Eastern District of Pennsylvania, Local Rule 72.1(IV)(b) governs a petitioner's objections to the report and recommendation of a magistrate judge. (E.D. Pa. Civ. R. 72.1(IV)(b).) Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Henry v. Smith, 2017 U.S. Dist. LEXIS 106426, at *4 (E.D. Pa. July 10, 2017) (citing Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012)).

In neither Petitioner's First Motion to Reopen Habeas Proceedings (Doc. No. 27) nor in his Motion to Reopen the Judgment of the Court Pursuant to Rule 60(b) (Doc. No. 28) does Petitioner raise an objection to the Magistrate Judge's Report and Recommendation. These Motions are based on a claim of prosecutorial misconduct regarding Detective Brown that was not raised in the original Petition. In his two Motions, Petitioner does not "specifically identify" the part of the Report and Recommendation to which he is objecting. Henry, 2017 U.S. Dist. LEXIS at *4. Since 28 U.S.C. § 636(b)(1) states that this Court shall make a de novo review of the portions of the findings or recommendations "to which objection is made," and Petitioner makes no objection to the Report and Recommendation of the Magistrate Judge, Petitioner has waived consideration of his prosecutorial misconduct claim because he has not followed court rules requiring him to raise the claim before the Magistrate Judge in the first instance. (28 U.S.C. § 636(b)(1).)

**(3) Petitioner's Claim of Prosecutorial Misconduct Also Would Fail on the Merits.**

Petitioner makes his prosecutorial misconduct contention under Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 27 at 1.)

Rule 60(b)(3) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: …
>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; …

Fed. R. Civ. P. 60(b)(3).

In Pray v. Department of Justice, the Third Circuit held that a 60(b)(3) claim fails when an argument of fraud and misrepresentation is made with "nothing more than speculation." Pray v. Department of Justice, 290 Fed.Appx. 501, 504 (3rd Cir. 2008). In that case, a petitioner's habeas corpus petition was denied because his 60(b)(3) allegation that the Government conducted an illegal wiretap provided "no affirmative evidence" of the violation alleged. Id.

4

2. The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

3. Petitioner's First Motion to Reopen Habeas Proceedings (Doc. No. 27) is **DENIED**.

---

Here, the trial record shows the following answers by Detective Brown to the prosecutor's questions:

> Q. Now, detective, were you working as a detective with the Special Victims Unit on September 4th of 2011?
>
> A. I was
>
> Q. Okay. And do you remember meeting with a child named [R.F.]?
>
> A. Yes
>
> Q. Detective, how did [R.F.] come to meet you that day?
>
> A. She was brought in by, I believe, 19th District officers in reference to an allegation of a sexual assault.

(Doc. No. 29 at 57.)

Detective Brown's testimony does not show emphatically that he met with R.F. on September 4, 2011. (Id.) He merely said he was working as a Detective with the Special Victims Unit on that day. (Id.) Next, he was asked if he remembers meeting with R.F. (Id.) Then he was asked how he had come to meet R.F. that day, which could refer to the day he met her, as opposed to September 4, 2011, when he was working in the Special Victims Unit. (Id.) The same jury that heard Brown's testimony about working in the Special Victims Unit on September 4, 2011 and about meeting with R.F., also heard from R.F. and her father, who both testified that the incident occurred during the night between September 4th and September 5th. (Doc. No. 1 at 41-3, 50.)

There is nothing inherently contradictory between the testimony of Detective Brown and that of R.F. and her father. And even if there was some contradiction, their credibility was judged by the same jury at trial. Moreover, the fact that the testimony of all three witnesses was elicited by the prosecutor shows that she was not concealing this evidence. With "no affirmative evidence" that the prosecutor knew that Detective Brown was lying in his testimony, Petitioner has not shown that the prosecutor knowingly presented false testimony. Pray, 290 Fed.Appx. at 504. Thus, there was no prosecutorial misconduct and Petitioner's claim amounts to "nothing more than speculation." Id.

For all of the above reasons, Petitioner's two Motions will be denied.

4. Petitioner's Motion to Reopen the Judgment of the Court Pursuant to Rule 60(b) (Doc. No. 28) is **DENIED**.

5. A Certificate of Appealability shall not issue because a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the Motion because Petitioner has failed to make a showing of a denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).

6. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

<u>/s/Joel H. Slomsky, J.</u>
JOEL H. SLOMSKY, J.